

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| KENNETH MCGILL, | : | CIVIL ACTION NO.: |
| | : | |
| *Plaintiff* | : | **18   2900** |
| v. | : | |
| | : | |
| CH2M HILL, INC. and | : | |
| JACOBS ENGINEERING | : | |
| GROUP, INC., | : | JURY TRIAL DEMANDED |
| | : | |
| *Defendants* | : | |

**FILED**
JUL 1 / 2018
KATE BARKMAN, Clerk
By_____Dep. Clerk

<u>COMPLAINT AND JURY DEMAND</u>

I.   <u>PRELIMINARY STATEMENT</u>

1.      This is an action for an award of damages, attorney's fees and other relief

on behalf of Plaintiff, Kenneth McGill ("Plaintiff McGill"), a former employee of

Defendant, CH2M Hill, Inc. and Defendant, Jacobs Engineering Group, Inc., who has

been harmed by the Defendants' discriminatory and retaliatory actions, ultimately

resulting in the termination of his employment.

2.      This action arises under the Age Discrimination in Employment Act, 29

U.S.C. §621 <u>et</u> <u>seq.</u> ("ADEA"), and the Pennsylvania Human Relations Act, 43 P.S. §951

<u>et</u> <u>seq.</u> ("PHRA").

## II.   JURISDICTION AND VENUE

3.   The original jurisdiction of this Court is invoked pursuant to 28 U.S.C. §1331 and the claims are substantively based on the ADEA. The supplemental jurisdiction of this Court is invoked pursuant to 28 U.S.C. §1367, to consider Plaintiff McGill's claims arising under the PHRA.

4.   Venue is proper in this judicial district pursuant to 28 U.S.C. §1391 as a substantial part of the events or omissions giving rise to Plaintiff McGill's claims occurred in this judicial district.

5.   All conditions precedent to the institution of this suit have been fulfilled. On April 30, 2018, a Notice of Right to Sue was issued by the United States Equal Employment Opportunity Commission ("EEOC") and this action has been filed within ninety (90) days of receipt of said notice.

6.   Plaintiff McGill has satisfied all other jurisdictional prerequisites to the maintenance of this action.

## III.   PARTIES

7.   Plaintiff, Kenneth McGill, is a sixty five (65) year old citizen of the State of New Jersey, residing therein at 33 Saddle Lane, Cherry Hill, New Jersey 08002.

8.   Defendant, CH2M HILL, Inc. ("Defendant CH2M"), is a corporation duly organized and existing under the laws of the State of Florida, maintaining a place of business located at 2301 Chestnut Street, Philadelphia, Pennsylvania 19103. Upon

-2-

information and belief, Defendant CH2M is a wholly owned subsidiary of CH2M Hill Companies, Ltd.

9.     Defendant, Jacobs Engineering Group, Inc. ("Defendant Jacobs"), is a corporation duly organized and existing under the laws of the State of Delaware, maintaining a place of business located at 2301 Chestnut Street, Philadelphia, Pennsylvania 19103. Upon information and belief, on December 18, 2017, Defendant Jacobs acquired CH2M Hill Companies, Ltd., including its wholly owned subsidiary, Defendant CH2M. Upon further information and belief, Defendant Jacobs is liable for the actions of Defendant CH2M as an acquiring and successor corporation.

10.     At all times relevant hereto, Defendants were acting through their agents, servants, and employees, who were acting within the scope of their authority, course of employment, and under the direct control of the Defendants.

11.     At all times material herein, the Defendants have been "persons" and "employers" as defined under the ADEA and PHRA, and have been, and are, subject to the provisions of each said Act.

## IV.     STATEMENT OF FACTS

12.     Plaintiff McGill was employed by the Defendants from on or about September 26, 1988 until on or about November 16, 2016, the date of his unlawful termination.

-3-

13. Upon commencing employment with the Defendants, Plaintiff McGill held the positions of Hydrogeologist and Project Manager. As a result of his stellar job performance, Defendants steadily promoted Plaintiff McGill to Senior Project Manager, Program Manager for ARC II Program, Client Service Manager, ultimately attaining the position of Hydrogeologist and Client Account Manager, the position he held from in or about 2014 until the time of his termination by Defendants.

14. At all times relevant hereto, Plaintiff McGill performed his job responsibilities in a dutiful and competent manner and maintained a satisfactory job performance rating with the Defendants.

15. During his tenure of employment, Plaintiff McGill was one of the oldest Hydrogeologists and Client Account Managers in Defendants' employ.

16. On or about April 18, 2016, Rebecca Carovillano ("Carovillano"), Manager, and Scott Mangold ("Mangold"), Human Resources Representative, met with Plaintiff McGill and presented him with a letter signed by William Matulewicz ("Matulewicz"), Project Manager, advising Plaintiff McGill that Defendants needed to "help manage variations in availability of client-billable work" and that there existed "an absence of non-client billable overhead work." Defendants' letter of said date gave Plaintiff McGill the option of either (1) placement on up to twelve (12) weeks of "Temporary Work Leave" ("TWL") effective April 30, 2016, or (2) termination of employment with Defendants effective April 29, 2016. According to said letter, if

Plaintiff McGill selected TWL, Defendants would either terminate his employment after twelve (12) weeks, or reinstate him to his position as a Hydrogeologist and Client Account Manager, if billable work presented itself.

17.    During said meeting, both Carovillano and Mangold represented to Plaintiff McGill that the decision was purely due to economic reasons as a result of a lack of billable work and was not the result of any performance deficiencies.

18.    In order to avoid certain termination, Plaintiff McGill opted to be placed on TWL, which commenced on April 30, 2016.

19.    In or about May of 2016, Defendants replaced Plaintiff McGill with Matthew Noblet ("Noblet") and Matthew Brill ("Brill"), both of whom are significantly younger, less qualified, and less experienced than Plaintiff McGill, thereby contradicting its assertion that there were not enough billable work hours to maintain Plaintiff McGill's Hydrogeologist and Client Account Manager position.

20.    In or about early June of 2016, Defendants posted an advertisement to hire another individual for Plaintiff McGill's Environmental Client Account Manager position, further contradicting its assertion that Defendants did not possess enough billable work hours to maintain Plaintiff McGill's position.

21.    Subsequent thereto, on or about June 23, 2016, Plaintiff McGill spoke with Mangold and inquired as to why Defendants had recently hired Noblet and Brill, both Hydrogeologists and Client Account Managers, and why Defendants had recently posted

an advertisement for Plaintiff McGill's position.  Mangold was unable to satisfactorily answer any of Plaintiff McGill's questions.

22.     Thereafter, during a meeting in late June of 2016, Dane Perhman ("Perhman"), announced that "the CH2M environmental group in Philadelphia is trying to bring in new blood" and that "the environmental group is top heavy and trying to switch that around by hiring younger people," thereby confirming the Defendants' discriminatory animus toward Plaintiff McGill because of his age.

23.     As a result of the above discriminatory actions of the Defendants, Plaintiff McGill sought legal counsel and on or about July 12, 2016, the undersigned counsel notified Defendants via letter of Plaintiff McGill's intention to file a charge of discrimination with the EEOC based on age discrimination.

24.     On or about July 20, 2016, Plaintiff McGill's twelve (12) week TWL ended.  At that time, Defendants barred Plaintiff McGill from returning to work as a full-time employee and only allowed him to work part-time, thereby causing Plaintiff McGill to suffer a significant reduction in pay.

25.     On or about September 23, 2016, Plaintiff McGill, by and through his counsel, dual filed charges of discrimination with the EEOC and Pennsylvania Human Relations Commission ("PHRC") based on the aforementioned age-based discriminatory actions of the Defendants.

26.     Shortly thereafter, on or about November 16, 2016, the Defendants abruptly terminated Plaintiff McGill's employment, allegedly because the Defendants were executing a "new operating model." At that time, however, Plaintiff McGill's work was fully client-billable.

27.     Plaintiff McGill believes and therefore avers that the Defendants' articulated reason for his termination is pretexutal and that Defendants actually terminated his employment because of his age and/or in retaliation for opposing unlawful age discrimination in the workplace.

## COUNT I
### (ADEA - Age Discrimination, Retaliation)
### Plaintiff McGill v. Defendants

28.     Plaintiff McGill incorporates by reference paragraphs 1 through 27 of this Complaint as though fully set forth at length herein.

29.     The actions of Defendants, through their agents, servants and employees, in subjecting Plaintiff McGill to discrimination based on his age and/or to retaliation for opposing unlawful age discrimination in the workplace, ultimately resulting in the termination of his employment, constituted a violation of the ADEA.

30.     As a direct result of the aforesaid unlawful discriminatory and retaliatory employment practices engaged in by the Defendants in violation of the ADEA, Plaintiff McGill sustained permanent and irreparable harm, resulting in the loss of his employment, which caused him to sustain a loss of earnings, plus the value of certain

benefits, plus loss of future earning power, plus back pay, and front pay, and interest due thereon.

## COUNT II
### (PHRA - Age Discrimination, Retaliation)
### Plaintiff McGill v. the Defendants

31.     Plaintiff McGill incorporates by reference paragraphs 1 through 30 of this Complaint as though fully set forth at length herein.

32.     The actions of Defendants, through their agents, servants and employees, in subjecting Plaintiff McGill to discrimination based on his age and/or to retaliation for opposing unlawful age discrimination in the workplace, ultimately resulting in the termination of his employment, constituted a violation of the PHRA.

33.     As a direct result of the aforesaid unlawful discriminatory and retaliatory employment practices engaged in by the Defendants in violation of the PHRA, Plaintiff McGill sustained permanent and irreparable harm, resulting in the loss of his employment, which caused him to sustain a loss of earnings, plus the value of certain benefits, plus loss of future earning power, plus back pay, and front pay, and interest due thereon.

34.     As a further direct result of the aforesaid unlawful discriminatory and retaliatory employment practices engaged in by the Defendants in violation of the PHRA, Plaintiff McGill suffered severe emotional distress, embarrassment, humiliation, and loss of self-esteem.

## PRAYER FOR RELIEF

35.     Plaintiff McGill incorporates by reference paragraphs 1 through 34 of this Complaint as though fully set forth at length herein.

**WHEREFORE**, Plaintiff McGill requests that this Court enter judgment in his favor and against the Defendants and Order that:

a.     Defendants compensate Plaintiff McGill for the wages and other benefits and emoluments of employment lost, because of their unlawful conduct;

b.     Defendants compensate Plaintiff McGill with an award of front pay, if appropriate;

c.     Defendants pay to Plaintiff McGill punitive damages, liquidated damages, compensatory damages for future pecuniary losses, pain, suffering, inconvenience, mental anguish, loss of enjoyment of life and other nonpecuniary losses as allowable;

d.     Defendants pay to Plaintiff McGill pre and post judgment interest, costs of suit and attorney and expert witness fees as allowed by law;

e.     The Court award such other relief as is deemed just and proper.

## JURY DEMAND

Plaintiff McGill demands a trial by jury.

SIDNEY L. GOLD & ASSOC., P.C.

/s/Sidney L. Gold, Esquire SG1387

SIDNEY L. GOLD, ESQUIRE
I.D. NO.: 21374
TRACI M. GREENBERG, ESQUIRE
I.D. NO: 86396
1835 Market Street, Ste. 515
Philadelphia, PA 19103
215.569.1999
sgold@discrimlaw.net
tgreenberg@discrimlaw.net
Attorney for Plaintiff

DATED:  July 11, 2018

FILED
JUL 11 2018
KATE BARKMAN Clrk
By_____Dep. Clerk

-10-

## VERIFICATION

I hereby verify that the statements contained in the attached Complaint are true and correct to the best of my knowledge, information and belief. I understand that false statements herein are made subject to the penalties of Title 18 Pa. C.S.A. §4904, relating to unsworn falsification to authorities.

KENNETH MCGILL, PLAINTIFF

DATED: July 6, 2018